UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE HUTCHINSON,

    Plaintiff,                                      Case No. 07-10595

v.                                                   Honorable John Corbett O'Meara

EARL SCHEIB, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S JULY 23, 2007 MOTION TO DISMISS

This matter came before the court on Defendant's July 23, 2007 Motion to Dismiss or, Alternatively, Motion for Stay and to Compel Arbitration. Plaintiff filed a response August 13, 2007; and Defendant filed a reply August 27, 2007. Oral argument was heard September 27, 2007.

## BACKGROUND FACTS

Plaintiff Connie Hutchinson brought this suit against defendant Earl Scheib, Inc., her former employer, on February 8, 2007, alleging gender and "reverse racial" discrimination. When Defendant filed its answer to the complaint on March 6, 2007, Defendant did not cite the arbitration clause in Plaintiff's employment application as an affirmative defense to this action. Four months later Defendant filed this motion, claiming the matter should be dismissed because it was governed by the arbitration clause. Plaintiff contends that by failing to list it as an affirmative defense in its answer, Defendant waived it as a defense to this lawsuit.

**LAW AND ANALYSIS**

Through the Federal Arbitration Act, Congress has declared a national policy favoring alternate dispute resolution agreements. 9 U.S.C. § 1. By adopting the FAA, federal law has endorsed private arbitration agreements as a way of avoiding protracted litigation. If a lawsuit is filed which involves disputes or claims subject to a valid arbitration agreement, the trial court should either stay the litigation pending arbitration or dismiss the action and affirmatively order the parties to proceed to arbitration. 9 U.S.C. §§ 3-4.

The law is clear that discrimination claims, including those brought under Title VII and state law, are subject to arbitration agreements. The elements of a valid arbitration agreement under the FAA are as follows: 1) a transaction involving interstate commerce, 2) an arbitration agreement encompassing the dispute, and 3) a party's refusal to submit the controversy to arbitration. 9 U.S.C. §§ 1-2; EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 459 (6th Cir. 1999).

First, employment discrimination claims are covered under the FAA. Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). Second, the United States Supreme Court has held that "a valid, enforceable arbitration agreement" existed between a plaintiff and a defendant after the plaintiff signed an employment application which stated that "'any dispute or claim' concerning [plaintiff's] employment would be 'settled by binding arbitration.'" EEOC v. Waffle House, Inc., 534 U.S. 279, 282 (2002).

The employment application in this case reads,

> I hereby agree to submit to binding arbitration all disputes and claims arising out of the submission of this application. I further agree, in the event that I am hired by the company, that all disputes that cannot be resolved by informal internal resolution which might arise out of my employment with the company, whether during or after that employment, will be submitted to binding arbitration. I agree that

> such arbitration shall be conducted under the rules of the American Arbitration Association and company policy and procedure.

Defendant's Ex. B at 2.[1]  This language is identical or sufficiently similar to a host of federal and state cases in which courts have found that the arbitration agreement at issue encompassed the dispute.  Third, Plaintiff filed suit in this court and so far has refused to submit the dispute to binding arbitration.

Plaintiff's response brief argues that Defendant "waived the arbitration agreement as a defense by not asserting it as an affirmative defense in a timely manner" and that the arbitration agreement required in Plaintiff's employment application violates penal and civil statutes which prohibit an employer from seeking consideration from an applicant in exchange for employment.  Plaintiff's br. at iii.

For the latter argument, Plaintiff cites § 750.351 of Michigan's Penal Code, which reads,

> Any employer or agent or representative of an employer or other person having authority from his employer to hire, employ, . . . who shall demand or receive directly or indirectly from any person . . . consideration . . . as a condition of employment or hiring . . . or of permitting said person to continue in such employment is guilty of a misdemeanor.

Mich. Comp. Laws Ann. § 750.351.  Plaintiff also cites Michigan's Wage and Fringe Benefit Act, Mich. Comp. Laws Ann. § 408.478(1), which has nearly identical statutory language.

In 1987, however, Michigan enacted a statute that provides that "an employer may obtain from an employee" a reasonable non-compete agreement.  Mich. Comp. Laws Ann. § 445.774a(1).  The United States Court of Appeals for the Sixth Circuit has held that because § 445.774a(1) was enacted after both § 750.351 and § 408.478(1), the statute allowing reasonable non-compete agreements

---

[1] Plaintiff initialed this clause on her employment application.

supersedes the other two to the extent of any conflict.  Sherrod v. Genzyme Corp., 170 Fed. Appx. 375, 378 (6th Cir. 2006).

Plaintiff's other argument is that Defendant waived the arbitration agreement as a defense when it failed to assert it as an affirmative defense.  However, courts have held that a defendant did not waive enforcement of an arbitration clause simply because it was not listed as an affirmative defense in the defendant's answer.  Grebovic v. Great American Lines, Inc., 2007 U.S. Dist. LEXIS 22763 at *3.  "It is true that under Michigan law courts have held that a party can waive the right to settle a dispute in arbitration by pursuing litigation.  Still, the 'waiver of a contractual right to arbitrate is disfavored,' and 'the "party arguing there has been a waiver of this right bears a heavy burden of proof" and "must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts."'" Id. at 3 (citing Madison Distr. Pub. Sch. v. Myers, 247 Mich. App. 583 (2001) (quoting Salesin v. State Farm Fire & Cas. Co., 229 Mich. App. 346 (1998)).

In Grebovic the court found that the party asserting that the arbitration agreement had been waived had not meet the heavy burden of proof and had made no case concerning why it would be prejudiced if the court ordered arbitration.  As in this case, the demand for arbitration "did not even span six months–a time when neither side filed any motions or began to conduct discovery in this matter." Id.

Furthermore, the United States Supreme Court has advised that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of **waiver**, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)

4

(emphasis added). In light of the presumption in favor of arbitrability and Plaintiff's failure to show any true prejudice to her case, the court will grant Defendant's motion to dismiss[2] and compel arbitration.

## ORDER

It is hereby **ORDERED** that Defendant's July 23, 2007 motion to dismiss is **GRANTED.**


s/John Corbett O'Meara
United States District Judge


Date: October 18, 2007


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 19, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

---

[2]Defendant's motion was styled "Motion to Dismiss or, Alternatively, Motion to Stay and to Compel Arbitration." During oral argument, Plaintiff's counsel questioned whether the court could grant the motion to dismiss or whether the court would have to convert the motion to dismiss to a motion for summary judgment before granting it, as the arbitration agreement was not part of the pleadings. Fed. R. Civ. P. 12(b). The court then announced its intention to grant the motion to stay and to compel arbitration. However, in light instructions of the United States Court of Appeals for the Sixth Circuit, the court instead will grant Defendant's motion to dismiss. Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration") (emphasis in original) (citing Sea-Land Serv., Inc. v. Sea-Land of Puerto Rico, Inc., 636 F. Supp. 750 (D.P.R. 1986) ("Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.")).

5